UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

BILLY W. LOCKE,              )
                                  )
     Plaintiff,           )
                                  )
v.                         )         No. 1:26–cv–00180–KAC–MJD
                                  )
STEVE ROSS, et al.,     )
                                  )
     Defendant.      )

## <u>ORDER</u>

The Court is in receipt of a pro se complaint. Accordingly, Plaintiff is **NOTIFIED** of the following:

1.   **Appearing Pro Se:** If a party represents himself in Court, he is called a "pro se litigant" or a "self–represented litigant." "Pro se" is a Latin term, meaning "on one's own behalf" and a "litigant" is someone who is either suing someone or is being sued in Court. The right to appear pro se in a civil case in federal court is contained in 28 U.S.C. § 1654. There are certain limitations to self–representation, including: (1) in general, a pro se litigant may only bring claims on his or her own behalf; (2) a corporation must be represented by an attorney; (3) a pro se litigant may not represent a class in a class action; and (4) a power of attorney does not permit a pro se litigant who is not an attorney to represent another person in federal court.

2.   **Scope of These Guidelines:** This document is intended to provide some basic guidelines to a plaintiff proceeding without an attorney. It is not legal advice or a substitute for reading and complying with the applicable Federal Rules of Civil Procedure and Court's local rules. *See* E.D. Tenn. L.R. 83.13 (requiring a pro se litigant "to be familiar with and follow the Federal Rules of Civil Procedure" and the Court's local rules).

3.   **Current Address:** This Court will send orders and notices to you at the address you provided to the Court. You are responsible for keeping the Court, opposing counsel, and/or all parties advised of your current address. Failure to do so could result in Court orders or other information not being timely delivered, result in your case being dismissed for failure to prosecute, or otherwise affect your legal rights. The Court's local rules require you to file a notice of change of address with the Clerk of Court within fourteen (14) days of an address change. E.D. Tenn. L.R. 83.13.

4.   **Documents Submitted to the Court:** All documents you submit to the Court should be in the form of a pleading (e.g., complaint, amended complaint, notice, motion, brief, or supporting memorandum of law). **IF YOU ARE ASKING THE COURT TO ACT, YOU MUST FILE A MOTION.** Any motion should include the caption of your case and the case number, have a title including the word **"MOTION,"** and state the relief you would like from the Court and the factual legal grounds that justify the relief you seek. **PLEASE PUT THE CIVIL ACTION NUMBER OF YOUR CASE ON ALL DOCUMENTS YOU FILE IN YOUR CASE.** You should also sign and date any documents that you file with the Court. The filing date on the Court's docket shows the date the Court received your filing, but may not be the legal filing date of your filing. Do not send letters or emails to the presiding Judges or Court staff. Letters and emails are generally not considered part of the record.

5.   **Proceeding In Forma Pauperis:** If you cannot afford to pay the $350 filing fee and $55 administrative fee to file your civil case, you may file a motion to proceed without prepayment of those fees (called proceeding in *forma pauperis*). If the Court grants that motion, you will be permitted to proceed without prepayment of the filing fee.

If you are a prisoner litigant who is proceeding *in forma pauperis* in a civil case, you will still be obligated to pay the entire $350 filing fee in installments in accordance with the Prison Litigation Reform Act (PLRA) regardless of the outcome of your case. *See* 28 U.S.C. § 1915(b). The Court does not have the authority to waive that requirement. You will not be entitled to the return of payments made toward the fee for any reason, even if the Court dismisses your case before service of process on Defendant(s) in accordance with laws that require the Court to screen *in forma pauperis* cases and prisoner–filed cases. *See* 28 U.S.C. § 1915(e)(2)(B) and 1915A. If you filed a petition for a writ of *habeas corpus*, the filing fee is $5.00. If you are granted leave to proceed *in forma pauperis* in a *habeas corpus* case, you are not required to pay the filing fee.

Please note that even if you are granted leave to proceed *in forma pauperis*, you must pay for copies of documents in your case.

6. **Screening Requirements:** In accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court screens all prisoner–filed civil cases and all civil cases where the Court grants leave to proceed *in forma pauperis*. As soon as the Court enters a screening order in your case, a copy will be mailed to you. The Court generally will not consider any motions or require Defendant(s) to respond to the complaint until after the screening process is complete.

7. **Service of Process:** Service of process will not occur until after the Court completes the screening process set forth above. *See* 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.

If the Court grants you leave to proceed *in forma pauperis*, the Court will direct service of process on Defendant(s) on your behalf. The Clerk's Office will not issue summons(es) in your case or direct service until the Court authorizes it to do so. You may be required to complete forms so that the Clerk can issue service. If you receive those forms in the mail, please complete and return them. Failure to do so may result in the dismissal of your case.

If you prepaid the fees for your case, the Clerk's Office will issue summons(es) to you, and you are responsible for serving Defendant(s) in accordance with Federal Rule of Civil Procedure 4.

Please note that if you are suing the United States, its agencies, corporations, officers, or employees, you must comply with Rule 4(i).

8. **Amendments or Supplements to Complaint:** Any proposed amended complaint is subject to screening by the Court as set forth above and will have no effect in this lawsuit until the Court has completed that screening. *See* 28 U.S.C. §§ 1915(e)(2)(b) and 1915A. To seek permission to amend your complaint, you must file a motion and attach a complete proposed amended complaint to the motion. E.D. Tenn. L.R.15.1. Failure to comply with these directives may result in your filing(s) being **STRICKEN** from the record without further notice and/or sanctions, including the dismissal of this suit for failure to comply with the Court's orders, if appropriate.

Please note that if you do not amend your complaint to specifically name any unidentified (i.e., Jane or John Doe) parties within the applicable statute of limitations, all claims against those parties may be subject to dismissal as untimely.

9. **Discovery:** All discovery in this case is stayed until after the Court enters an order for Defendant(s) to respond to the complaint. You must attempt to resolve any discovery disputes by contacting counsel for Defendant(s) directly by telephone or through correspondence before you ask for the Court's assistance with discovery matters. You are responsible for sending your discovery requests to Defendant(s). You generally should not file interrogatories, requests for production and inspection, requests for admission, and reponses to discovery requests with the Court.

10. **Motions for Appointment of Counsel:** The Court will not consider any motions for appointment of counsel until the Court has completed screening of the complaint pursuant to 28 U.S.C §§ 1915(e)(2)(B) and 1915A as set forth above.

11. **Sending Documents to Opposing Parties:** You must serve all pleadings and other papers submitted to the Court on all other parties directly or through counsel for represented parties, which you may do by mail. You must let the Clerk know that you served your papers on the other parties by completing a certificate of service showing the date and manner of service and

attaching it to the original of the documents and all copies before you send them to the Court. An example of a certificate of service by mail follows:

"I, (name), do hereby certify that a true and correct copy of the foregoing (name of pleading or other paper) has been served upon (name(s) of person(s) served) by placing the same in the U.S. mail, properly addressed, this (day) of (month), (year).

_____
(Signature)"

12. **Contacting the Court: DO NOT** send documents directly to the District Judge or Magistrate Judge assigned to your case. All documents **MUST** be filed with the Clerk of Court at the following address:

| Clerk of Court, E.D. Tenn | Clerk of Court, E.D. Tenn | Clerk of Court, E.D. Tenn |
|---|---|---|
| Joel W. Solomon Federal Bld, U.S. Courthouse | James H. Quillen U.S. Courthouse | Howard H. Baker, Jr. U.S. Courthouse |
| 900 Georgia Avenue | 220 West Depot Street, Suite 200 | 800 Market Street, Suite 130 |
| Chattanooga, TN 37402 | Greeneville, TN 37743 | Knoxville, TN 37902 |

You may file documents in your case in person at the above address or by mail. If you would like permission to file documents electronically, you must file a motion seeking permission to do so from the Court. The Court may terminate any such permission, if given, for good cause, including but not limited to abuse of the system by excessive filings, either in number or length.

13. **Legal Advice:** The District Judges, Magistrate Judges, Pro Se Law Clerks and other Court staff **CANNOT** provide you with legal advice, meaning they cannot tell you what type of motion to file or advise you on other legal issues. Court staff can, however, provide you relevant forms and inform you of the status of your case. The Clerk of Court and other Clerk's Office staff do not have the authority to take any action with respect to your case unless the Court or a rule authorizes the Clerk to do so.

14. **Rules that Apply to Your Case:** Your case is subject to the Federal Rules of Civil Procedure and the Eastern District of Tennessee's Local Rules, which can be found on the Court's website. One important rule to be aware of is Local Rule 7.1, which generally requires you to file and serve a proper response to all motions within fourteen (14) days, unless the Court directs otherwise. If you need more time to respond to a motion or comply with a deadline, you must file a motion for an extension of time. If your case is transferred to another district, the local rules in that district will apply to your case.

15. **Appeals:** If you want to appeal any appealable order in this case, you must file a notice of appeal with this Court. *See* Federal Rule of Appellate Procedure 3(a). For more information about the appeals process, please see the website for the Sixth Circuit Court of Appeals.

**THIS NOTICE IS FOR INFORMATIONAL PURPOSES ONLY. PLEASE DO NOT FILE ANY RESPONSES TO THIS NOTICE WITH THE COURT.**

SO ORDERED.

s/Katherine A Crytzer_____
UNITED STATES DISTRICT JUDGE